IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JACOB MARTIN GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-185 |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE SOUTHERN DISTRICT OF | ) | |
| GEORGIA; | ) | |
| TUCKER LONG, PC, Employment Firm; | ) | |
| BELL & BRIGHAM, Personal Injury | ) | |
| Attorney; and | ) | |
| JOHN R. B. LONG, PC, Attorney at law, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff brought the above-captioned case and sought leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 4.) Because Plaintiff provided incomplete information yet again,[1] the Court denied Plaintiff IFP and ordered he remit the full $400.00 filing fee. (Doc. no. 5.) Plaintiff's time to comply with the Court's order has expired and Plaintiff has not remitted the filing fee. Plaintiff was warned that failure to comply would result in a recommendation that his case be dismissed. (Id. at 2-3.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

---

[1] Plaintiff was warned in four previous cases his dishonesty would not be tolerated and he was required to provide complete financial information. See e.g., Glover v. Sentinel Offender Servs., CV 116-154, doc. no. 4 (S.D. Ga. Sept. 16, 2016).

comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, because Plaintiff has failed to comply with the Court's order requiring him to remit the filing fee, dismissal without prejudice is appropriate. Owens, 331 F. App'x at 655. The Court recognizes Plaintiff is proceeding *pro se* and acknowledges courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be

**DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of December, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA